**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____       :
                                    :
JAYHEEM TYEON DOWDY,                :       CIVIL ACTION
          Petitioner,               :
                                    :
          v.                        :       NO. 07-1160
                                    :
LOUIS FOLINO, et al.,               :
          Respondents.              :
_____

                            **ORDER**

          AND NOW, this      day of            , 2007, upon

consideration of the Petition for Writ of Habeas Corpus, and the

Response thereto, and after review of the Report and

Recommendation ("R&R") of United States Magistrate Judge Arnold

C. Rapoport dated August 17, 2007, IT IS HEREBY ORDERED that:

          1.    the R&R is APPROVED and ADOPTED and the Petition

will be held in abeyance pending exhaustion of state remedies;

          2.    Petitioner's Petition for Reinstatement of Issue

and a Stay is GRANTED;

          3.    this case shall be placed on the civil suspense

docket and Petitioner shall exhaust all claims in state court;

and

          4.    within thirty days of the conclusion of the

state court proceedings, including any appellate proceedings

related thereto, Petitioner shall notify the Court that those

proceedings are concluded and the case is ready to proceed in this Court.

BY THE COURT:

_____

Juan R. Sanchez, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                      :
JAYHEEM TYEON DOWDY,                  :    CIVIL ACTION
                                      :
            Petitioner,               :
                                      :
        v.                            :    NO. 07-1160
                                      :
LOUIS S. FOLINO, et al.,              :
                                      :
            Respondents.              :
_____:

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

## <u>REPORT AND RECOMMENDATION</u>

Presently before the Court is the <u>pro se</u> Petition for Writ of Habeas Corpus filed by Jayheem Tyeon Dowdy ("Petitioner") pursuant to 28 U.S.C. section 2254, Petitioner's Memorandum of Law, the Response to the Petition, and Petitioner's Response to the Response.  Also before the Court is Petitioner's Petition for Reinstatement of Issue and a Stay.  The Petitioner is currently incarcerated at the State Correctional Institution-Greene, in Waynesburg, Pennsylvania.  For the reasons that follow, it is recommended that the Petition should be held in abeyance pending exhaustion of state court remedies.

I.        **FACTS AND PROCEDURAL HISTORY.**[1]

On January 8, 2001, Petitioner entered a guilty plea to

_____

[1]This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, the exhibits attached to those pleadings, and the state court record.

Voluntary Manslaughter before the Honorable William H. Platt of the Court of Common Pleas of Lehigh County.  On February 6, 2001, Petitioner was sentenced to ten to twenty years' incarceration.

On February 12, 2001, Petitioner filed a Motion to Reconsider and Modify Sentence in the Lehigh County Court of Common Pleas.  This Motion was denied by the Honorable William H. Platt on February 16, 2001.  On March 15, 2001, Petitioner filed a direct appeal in the Superior Court.  This appeal was dismissed on September 4, 2001, due to Petitioner's failure to file a brief.  Petitioner did not petition for allowance of appeal to the Pennsylvania Supreme Court.

On October 24, 2001, Petitioner filed a pro se collateral petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq.  Counsel was appointed on October 26, 2001, and on November 14, 2001, the Honorable William H. Platt entered an Order granting Petitioner's PCRA petition and restoring Petitioner's right to file a direct appeal nunc pro tunc.

On December 5, 2001, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania.  On December 10, 2001, Petitioner was ordered to file a Statement of Matters Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("1925(b) statement"), within fourteen days of the date of the order.  On January 4, 2002,

4

Petitioner's 1925(b) statement was filed.  On August 8, 2003, the
Superior Court affirmed the trial court's sentence.

On February 18, 2004, Petitioner filed a pro se
collateral PCRA petition.  Counsel was appointed on March 2,
2004, and on July 15, 2004, an Amended PCRA petition was filed.
A hearing was held on Petitioner's PCRA petition before the
Honorable William H. Platt on September 8, 2004, and on September
15, 2004, Judge Platt granted Petitioner's PCRA petition and
allowed Petitioner thirty days to file a petition for allocatur
to the Pennsylvania Supreme Court.

On October 15, 2004, Petitioner filed a Petition for
Allowance of Appeal with the Pennsylvania Supreme Court.  On
April 5, 2005, the Pennsylvania Supreme Court denied Petitioner's
Petition for Allowance of Appeal.

On May 24, 2005, Petitioner filed a pro se collateral
PCRA petition in the Lehigh County Court of Common Pleas.
Counsel was appointed on May 24, 2005, and an Amended PCRA
petition was filed on March 28, 2006.  A hearing on Petitioner's
PCRA petition was held in front of Judge Platt on May 15, 2006,
and on that same date, Judge Platt denied Petitioner's Amended
PCRA petition.

On November 28, 2006, Petitioner filed a pro se
collateral PCRA petition.  On January 12, 2007, the PCRA court
sent Petitioner a Notice pursuant to Pennsylvania Rule of

5

Criminal Procedure 907, advising Petitioner that there were no genuine issues contained in the petition, the Petitioner was not entitled to post-conviction relief and the court intended to dismiss the petition.  Petitioner sent objections to the Rule 907 Notice dated February 7, 2007.  On February 7, 2007, the PCRA court dismissed the petition.

Petitioner then filed a notice of appeal in the Superior Court of Pennsylvania on February 21, 2007.  Petitioner filed his 1925(b) statement on February 27, 2007.

Docket sheets retrieved by this Court from the website for the Pennsylvania Superior Court reveal that Petitioner's PCRA appeal is still currently pending in that court.  On May 14, 2007, Petitioner filed his Brief and Reproduced Record, and the Commonwealth's Brief was filed with the Superior Court on May 29, 2007.  Petitioner filed a Reply Brief on June 6, 2007, and the matter was submitted to a panel of judges of the Superior Court on July 16, 2007.  No further action has been taken on this matter, which is currently active in the Superior Court.

On March 18, 2007, Petitioner signed the instant Petition for Writ of Habeas Corpus, and it was filed by the Clerk of Court on March 22, 2007.  The Petition contains two claims: (1) trial court error in sentencing Petitioner based on false and inaccurate information; and (2) trial court error in failing to rule on Petitioner's Motion for Withdrawal of Counsel before

Petitioner's PCRA hearing, causing appointed counsel to abandon Petitioner at the time of filing an appeal.[2]  (Pet., p. 9.) Respondents contend that the Petition should be dismissed because it is time-barred, because it is mixed, i.e., contains claims which are both exhausted and unexhausted in the state courts, and because Petitioner's claims are without merit.

On August 9, 2007, Petitioner filed a "Petition for Reinstatement of Issue and a Stay" ("Petition for Stay").  In this Petition, Petitioner requested that he be granted a stay on the second issue contained in his Petition for Writ of Habeas Corpus, as he was awaiting decision on that issue from the Pennsylvania Superior Court.  (Pet. for Stay, p. 2.)

On May 31, 2007, this Court entered an Order requiring the Clerk of Courts of Lehigh County - Criminal Division to provide us with the complete state court record relating to Petitioner's conviction.  On June 7, 2007, this Court received the state court record from the Lehigh County Court of Common Pleas.  It is important to note that the state court only provided this court with copies of the Information, Complaint, Sentencing, Memorandum of Law and a Superior Court Order regarding Petitioner's conviction, as all other state court records were with the Superior Court, as this matter was on appeal.

---

[2]  We consider the second argument contained in Petitioner's Petition for Writ of Habeas Corpus to be an ineffective assistance of counsel argument.

II. **DISCUSSION**.

 Under certain circumstances, the United States Supreme Court has held that "it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state courts." Rhines v. Weber, 544 U.S. 269, 277-278 (2005). The Court specifically stated that the court should stay, rather than dismiss, a petition when a petitioner exhibits "reasonable confusion about whether a state filing would be timely" and thereby shows "good cause" for filing in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416-417 (2005). The United States Court of Appeals for the Third Circuit has provided that thirty days is a reasonable length of time to permit the filing of the post-conviction petition, and that petitioner should be given another thirty-day reasonable interval after the denial of that relief to return to federal court. Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). In the event that a petitioner fails to meet either time limit, however, the stay should be vacated nunc pro tunc. Id. at 154.[3]

---

 [3]Although Crews was decided prior to the Supreme Court's decision in Rhines, which approved but limited the availability of the stay and abeyance procedure, Crews is consistent with Rhines in determining that such a stay should be conditioned on the petitioner returning to federal court within a reasonable time after exhaustion. Bowen v. Palakovich, No.CIV.A. 06-3378, 2007 WL 1056821, at *1 n.2 (E.D. Pa. Apr. 4, 2007)(quotations and citations omitted).

In this case, Petitioner's Memorandum of Law in Support of his Petition for Habeas Corpus ("Petitioner's Memorandum") argues that the trial court sentence was improper because it was based upon inaccurate information.  (Pet.'s Memorandum, pp. 3-6.).  In the second section of Petitioner's Memorandum, he informs the Court that he wishes to abandon the second issue contained in his Petition (the ineffective assistance of counsel argument) due to the possibility that the Petition contains "mixed issues which have not been fully exhausted."  (Pet.'s Memorandum, p. 6.).  In his Petition for Stay, Petitioner asks the Court to reinstate this second, ineffective assistance of counsel issue and grant him a stay, as he is "awaiting a decision on this issue from the Pennsylvania Superior Court."  Pet. for Stay, p. 2.)

Respondents have examined the two claims in the instant Petition and analyzed whether they have been exhausted at the state court level.  Respondents first allege in their Response that both of Petitioner's claims are unexhausted, but then state that "[a]t a minimum, Petitioner is presenting a 'mixed' petition containing both exhausted and unexhausted claims."  (Response, p. 7.).

It is without question that Petitioner currently has an appeal pending in the state appellate courts.  Due to the fact that the state court record has been sent to the Superior Court

because of this appeal, this Court is unable to determine which issues contained in Petitioner's Petition for Writ of Habeas Corpus are exhausted and which issues are unexhausted.  Further, Respondents' response fails to track these issues adequately in order to allow this Court to determine whether Petitioner's issues are exhausted or unexhausted.  Therefore, this Court must accept Petitioner's allegation contained in his Petition for Stay that the second issue contained in his Petition (the ineffective assistance of counsel issue) is in front of the Pennsylvania Superior Court and Petitioner is "awaiting a decision" on said issue.  (Pet. for Stay, p. 2.)

This Court has checked the docket sheet for Petitioner's case pending in the Superior Court, and the appeal is still active as of the date of this Report and Recommendation. Further, the case was submitted to a panel of the Superior Court on July 16, 2007.  Although Petitioner has not exhibited any "reasonable confusion about whether a state filing would be timely" in order to show "good cause" for staying the instant Petition, Petitioner has shown candor with this Court regarding the status of his appeal and his potential failure to exhaust his state court remedies.  There is no indication under the facts of this case that Petitioner is engaging in dilatory litigation tactics.  To the contrary, it appears that Petitioner is attempting to exhaust his unexhausted claims in the Superior

Court and protectively filed the instant Petition while the state court action was still pending out of an abundance of caution. Moreover, it is not clear that the second claim in the instant Petition is plainly meritless.  Further, due to this Court's inability to properly analyze whether the issues contained in Petitioner's Petition are exhausted or unexhausted, we believe we must act in this matter with an abundance of caution.  Thus, in order to protect Petitioner's due process rights, it is respectfully recommended that Petitioner's Petition for Reinstatement of Issue and a Stay be granted.  It is further respectfully recommended that the instant Petition should be stayed in order that Petitioner may exhaust his state court remedies regarding claim two of the instant Petition.  Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this 17th day of August, 2007, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus should be held in abeyance pending Petitioner's exhaustion of claim two in the Pennsylvania courts.  Within thirty days of the conclusion of the state court proceedings, including any appellate proceedings related thereto, Petitioner should be ordered to notify the Court that those proceedings are concluded and the case is ready to proceed in this Court.

                              BY THE COURT:


                               /s/ Arnold C. Rapoport
                              ARNOLD C. RAPOPORT
                              United States Magistrate Judge

12